UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSHANE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23-cv-15814 |
| v. ) | |
| ) | Judge April M. Perry |
| ADVOCATE AURORA HEALTH, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Oshane Jones ("Plaintiff") brings this employment discrimination case against Defendant Advocate Aurora Health ("Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc 1. Specifically, Plaintiff alleges that Defendant failed to reasonably accommodate Plaintiff's religion and retaliated against Plaintiff by terminating Plaintiff's employment. *Id.* Defendant now moves to dismiss the retaliation claim under Rule 12(b)(6). Doc. 18. For the following reasons, Defendant's motion is granted.

BACKGROUND

When bringing this suit, Plaintiff used the Northern District of Illinois check-the-box form for employment discrimination cases. Doc. 1. The narrative facts section states in its entirety: "On November 10, 2021, I was terminated from my position as a courier driver by my employer Advocate Aurora Health for not uploading my religious exemption influenza form by September 17, 2021. The reason for this is that we have some issues with the upload process and my employer do have prior knowledge of this before terminated me." *Id.* at ¶ 13. Plaintiff further checked the boxes on the form for religious discrimination, failure to reasonably accommodate

religion, and retaliation. *Id.* at ¶¶ 9, 12. Defendant has admitted that Plaintiff was terminated on November 10, 2021 for non-compliance with Defendant's vaccine policy. Doc. 22 ¶ 13.

The complaint and subsequent filings do not specify the basis for Plaintiff's religious exemption request, nor does Plaintiff allege that Defendant ever received Plaintiff's religious exemption request either through the formal submission process or informally through other means. To the contrary, Plaintiff claims that "system issues" on the Defendant's side prevented the request from being received and processed. Doc. 24 at 1. Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on February 22, 2022. Doc. 1 ¶ 7.1(a)(i). The EEOC issued a *Notice of Right to Sue* on August 11, 2023, which was received by Plaintiff on August 20, 2023. *Id.* at ¶ 8. Plaintiff filed this suit on November 9, 2023. Doc. 1.

## LEGAL STANDARD

Under Rule 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient

to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

In this case, Plaintiff is proceeding *pro se*. "A document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). At the same time, if a court "is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research" or try to make up arguments for them. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

## ANALYSIS

Defendant challenges the claim of retaliation on three grounds: (1) the claim is time-barred; (2) Plaintiff failed to exhaust administrative remedies; and (3) the claim is so lacking in specific factual content that it fails to state a claim altogether. Doc. 20. As is discussed further below, the Court grants Defendant's motion only on ground three.

As a preliminary matter, the Court does not find that Plaintiff's retaliation claim is time-barred. A plaintiff's failure to file a timely EEOC charge is an affirmative defense. *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion."). Apart from claiming in the first paragraph of its motion to dismiss that Plaintiff's claim is time-barred, Defendant does not explain what makes the claim time-barred or cite any supporting caselaw. Doc. 20 pg. 1. Because Defendant has not provided any

3

argument or case law in support of the assertion, the argument has been waived. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

Moreover, it appears as though Plaintiff's claim was timely filed. In Illinois, the complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Filipovic v. K & R Exp. Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). Once the right to sue letter is received from the EEOC, those seeking relief under Title VII must file suit within 90 days. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). Here, Plaintiff alleges that the discrimination began in or about October 2021 and the EEOC charge was filed on February 22, 2022. Doc. 1 at ¶¶ 6, 7.1(a)(i). This is easily within the 300 days allotted. Moreover, the EEOC notice of right to sue was received by Plaintiff on August 20, 2023. *Id*. at ¶ 8(b). Plaintiff's complaint, filed November 9, 2023, was filed within 90 days thereafter and was therefore timely.

The Court is also not persuaded by Defendant's argument that Plaintiff's retaliation claim was outside the scope of the charge of discrimination that was filed with the EEOC. Doc. 20 at 3. Because failure to exhaust administrative remedies is an affirmative defense, a defendant has the burden of pleading and proving the defense. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Here, Defendant has not done so. Although both parties claim that they provided the Court with a copy of Plaintiff's EEOC charge, neither actually did. *See* Doc. 1 ¶ 7.1(b); Doc 20 pg. 1 n.1. Thus, while the Court agrees with the general principle that a retaliation claim may not be related enough to a discrimination claim that raising one with the EEOC preserves them both, *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019), the Court has no way of knowing

4

whether this Plaintiff failed to exhaust administrative remedies. As it is Defendant's burden, Defendant's argument fails.

Finally, Defendant argues that the retaliation claim should be dismissed because it lacks sufficient factual content. Specifically, Defendant asserts that Plaintiff "fails to allege he complained of discrimination, identify the individual to whom he made the complaint, and identify what adverse action allegedly resulted from the complaint." Doc. 20 pgs. 4-5. The Court agrees.

To adequately plead a retaliation claim under Title VII, a plaintiff must allege that he "engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). A critical component of a "prima facie case of retaliation is that the plaintiff engaged in a protected activity, such as the filing of a charge of discrimination or other complaint of discriminatory activity." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). The plaintiff need not "present proof of a causal link between the protected expression… and the adverse employment action." *Luevano,* 722 F.3d at 1029. However, there must some facts from which one could draw the inference that the protected activity could have caused the adverse employment action. *See Cervantes*, 914 F.3d at 566 (upholding dismissal of retaliation claim where plaintiff did not allege that his supervisors knew about his discrimination complaint).

In this case, the Court cannot find anything within Plaintiff's complaint that would establish that Plaintiff engaged in statutorily protected activity that was known to Defendant. While Plaintiff's religious exemption form theoretically could have contained a complaint about discriminatory conduct, the complaint as currently drafted provides no facts about that form from which the Court could draw such an inference. Moreover, even if Plaintiff's religious exemption

5

form did constitute protected activity, the current allegations establish only that Plaintiff was unsuccessful at uploading the form. If anything, this would indicate Defendant was not aware of Plaintiff's protected activity at all. The Court simply cannot make out a claim of retaliation based upon the limited information provided.

The Seventh Circuit has held that district courts should "allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Because Plaintiff is proceeding *pro se* and the Court can imagine a set of circumstances under which Plaintiff could potentially allege a retaliation claim, the Court will allow Plaintiff to file an amended complaint if Plaintiff believes that the deficiencies can be cured. Any amended complaint would replace the current complaint in its entirety, and therefore Plaintiff must include all relevant factual allegations within any amended pleading. Plaintiff is not required to file an amended pleading. If Plaintiff chooses not to amend the complaint, the case will proceed on the basis of the religious discrimination allegation under Title VII.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's partial motion to dismiss as to the retaliation claim. Plaintiff may file an amended complaint in accordance with the Court's instructions by March 17, 2025.

Dated: 2/12/2025

　　　　　　　　　　　　　　　　　　　　　　　APRIL M. PERRY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

6