UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSHANE K. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23-cv-15814 ) ) Judge April M. Perry |
| ADVOCATE AURORA HEALTH, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Oshane K. Jones ("Plaintiff"), proceeding *pro se*, brings this employment discrimination case against Advocate Aurora Health ("Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. 33. Specifically, Plaintiff alleges that Defendant failed to reasonably accommodate Plaintiff's religion by denying his influenza vaccine exemption request and then retaliated against Plaintiff by terminating Plaintiff's employment. *Id.*

In July 2024, Defendant filed its first motion to dismiss Plaintiff's retaliation claim. Doc. 18. Defendant argued that the retaliation claim was time barred, not administratively exhausted, and factually deficient. Doc. 20. This Court concluded that the retaliation claim was not time barred and did not reach the administrative exhaustion issue because no party had submitted to the Court Plaintiff's EEOC complaint. Doc. 31. The Court granted Defendant's motion to dismiss the retaliation claim solely because Plaintiff's initial complaint did not allege that Plaintiff had engaged in a statutorily protected activity that was known to Defendant prior to the retaliation that Plaintiff claimed to have suffered. *Id*. Plaintiff amended his complaint in March 2025, Doc. 33, and Defendant again moves for dismissal of the retaliation claim. Doc. 39. For the following reasons, Defendant's motion is denied.

**BACKGROUND**

As is appropriate in deciding a motion to dismiss, the Court accepts the facts in Plaintiff's complaint as true and views them in the light most favorable to him. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also considers Plaintiff's EEOC complaint, which is a public record that now has been submitted by Defendant. Doc. 4-1, *see Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss.").

The facts of this case center on Defendant's vaccine policy. Defendant set a deadline of September 17, 2021, for employees to submit proof that they had received the influenza vaccine or to submit religious exemptions requests. Doc. 33. This deadline was extended four times, with the last deadline being November 30, 2021. *Id*.

Plaintiff alleges that throughout September 2021, Plaintiff experienced issues uploading his religious exemption request form. *Id*. He asked his supervisor, Aubrey Day ("Day"), for help with the process. *Id*. Day was not familiar with the upload process, but told Plaintiff that he would get back to him. *Id*. On September 21, four days after the original exemption deadline passed, Day gave Plaintiff guidance on the upload process, and Plaintiff successfully uploaded the exemption form. *Id*. After his exemption was denied, Plaintiff wrote an appeal letter explaining why his form was submitted late. *Id*. Defendant refused to accept the late submission, despite the fact that the upload time had been extended for other employees. *Id*. Plaintiff then complained to his supervisor, human resources, and employee health that he was being discriminated against. *Id*. Plaintiff was terminated from his position as a courier on November 10, 2021, though the extended deadline for vaccination had not yet passed. *Id*.

Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC") on February 22, 2022. Doc. 40-1 at 2.

## LEGAL STANDARD

Under Rule 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

## ANALYSIS

As an initial matter, the Court notes that Plaintiff's purported response to the motion to dismiss is substantively a response to Defendant's answer. Doc. 42; Doc. 44. Defendant argues that Plaintiff's non-responsiveness should result in waiver of any argument regarding exhaustion

3

of administrative remedies. Doc. 45 at 2. However, the Court is mindful that Plaintiff is proceeding *pro se* and seems to have been confused about what was expected of him. It is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987). Given that it is Defendant's burden to prove failure to exhaust administrative remedies, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999), the Court exercises its discretion to reach the merits of the motion to dismiss.

The antiretaliation provision of Title VII prohibits an employer from discriminating against an employee because that employee has "opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). To adequately plead a retaliation claim under Title VII, Plaintiff must allege that he "engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). The plaintiff need not "present proof of a causal link between the protected expression ... and the adverse employment action." *Id.* However, there must some facts from which one could draw the inference that the protected activity could have caused the adverse employment action. *See Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019) (upholding dismissal of retaliation claim where plaintiff did not allege that his supervisors knew about his discrimination complaint).

Before bringing a Title VII claim in federal court, "a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). This requirement serves two purposes: "first, it allows the EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is

4

challenging." *Id.* Any resulting lawsuit is limited to claims included in the EEOC charge, and those that are "like or reasonably related to the allegations of the charge." *Id.* Claims are "like or reasonably related" when "(1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* "The charge and the complaint may be reasonably related if, at a minimum, they describe the same circumstances and participants." *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 565 (7th Cir. 2019). Because EEOC charges are typically initiated by "laymen unassisted by lawyers," the EEOC charge should be liberally construed. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976).

Plaintiff filed his EEOC charge on February 22, 2022. Doc. 40-1 at 2. The form Plaintiff used was entitled "Charge of Discrimination" and had a blank under the Section entitled "Discrimination based on" under which Plaintiff typed "Religion." *Id.* In the narrative section, Plaintiff typed:

> I began my employment with Respondent on or about August 25, 2020, as a Courier Driver. In or around November 2021, I submitted a request for a religious exemption for the Influenza vaccine. Respondent denied my request. I appealed Respondents decision and the appeal was denied. Subsequently, Respondent informed me that I must be vaccinated by November 30, 2021. However, Respondent discharged me on November 11, 2021. I believe I was discriminated against because of my religion (Other), in violation of Title VII of the Civil Rights Act of 1964, as amended. *Id.*

Defendant argues that Plaintiff's EEOC charge raised only a claim of religious discrimination, not one for retaliation. However, the Court concludes that there is a reasonable relationship between Plaintiff's religious discrimination claim and Plaintiff's retaliation claim because they involve the same circumstances and participants. Though Plaintiff did not use the word "retaliation" in his EEOC charge, his allegations plead the elements of a retaliation claim.

5

*See Alibuxsh v. Extractor Corp.*, No. 19-cv-03032, 2020 WL 10937721, at *2 (N.D. Ill. Dec. 18, 2020) (reading EEOC charge liberally and finding that plaintiff's failure to expressly identify retaliation as a basis for his EEOC charge did not warrant dismissal because he alleged a retaliation claim in his EEOC charge). Specifically, Plaintiff describes requesting a religious exemption, being denied the exemption, appealing the denial, losing the appeal, and then being terminated though his time for getting vaccinated had not yet passed. While it is not settled law that requesting a religious exemption alone constitutes protected activity under Title VII, Plaintiff also appealed the denial of his exemption. The Court believes that this could be viewed as opposing an unlawful employment practice. And to terminate an employee before the time for the employee to comply with the vaccine policy has expired certainly raises a plausible inference that the termination was retaliatory.

    The Court notes that the EEOC form Plaintiff used did not have boxes to check different offenses like "discrimination" or "retaliation," such that one could infer a purposeful decision not to raise a retaliation claim at the administrative level. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (weighing the fact that plaintiff did not check the "retaliation" box and concluding that plaintiff failed to administratively exhaust his retaliation claim). Rather, Plaintiff's form had only "discrimination" as an option. Given this, and liberally construing the facts alleged in the EEOC complaint, the Court therefore finds that Defendant has not met its burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. Defendant's motion to dismiss is denied.

Dated: June 20, 2025

                                                        APRIL M. PERRY
                                                        United States District Judge